CITY OF MARYSVILLE, APPELLEE, *v.* MARSH, APPELLANT.

(No. 14-86-25—Decided September 16, 1988.)

*Michael J. Grigsby,* law director, for appellee.

*Randall M. Dana,* public defender, and *Thomas R. Wetterer, Jr.,* for appellant.

GUERNSEY, J. This is an appeal by the defendant, Dwaine Marsh, from a judgment of the Municipal Court of the city of Marysville convicting him and sentencing him on a plea of guilty for a violation on August 10, 1986, of Section 335.07A of the Ordinances of the city of Marysville, driving while under suspension. The court fined him $400 and costs of prosecution, ordered him imprisoned in the Union County Jail for a term of thirty days, and ordered his operator's license suspended for one hundred eighty days. The defendant assigns error of the trial court (1)

by failing to apprise him of his Sixth Amendment right to counsel and in failing to offer to appoint counsel for him if he could not obtain counsel, and (2) by imposing a sentence of imprisonment when he was not represented by counsel. We will consider these assignments of error together.

The court file contains an undated document on which appears the defendant's signature acknowledging that he had "read the above information." The document purports to have been given to the defendant while he was waiting in the courtroom for his case to be called and purports further to be an explanation of the "rights," including his right to counsel, and definitions of the possible pleas which might be made to the charge against him. The document contains no file stamp and is not alluded to in the transcript of proceedings on the charge.

The transcript of proceedings shows that defendant's case was called, whereupon the court advised him, without further explanation, of the charge against him, asked defendant whether he understood the nature of the charge, to which he answered in the affirmative, and whether he was prepared to enter a plea, to which defendant also answered in the affirmative. The court then asked defendant what plea he wished to enter and the defendant responded, "I plead guilty." The prosecution then made a statement of the facts involved and, upon the request of the court, the defendant answered as to a prior operating under suspension charge. Thereupon the court pronounced sentence.

Pertinent to our consideration of the issues herein are the following Rules:

"Traf. R. 8. Arraignment
"* * *
"(D) Explanation of rights. Before calling upon a defendant to plead at arraignment the judge shall cause him to be informed *and shall determine that defendant knows and understands:*

"(1) That he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Criminal Rule 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel[.]" (Emphasis added.)

"Traf. R. 10. Pleas; rights upon plea
"* * *
"(C) Misdemeanor cases involving serious offenses. In misdemeanor cases involving serious offenses, the court may refuse to accept a plea of guilty or no contest and shall not accept such plea without first addressing the defendant personally and informing him of the effect of the pleas of guilty, no contest, and not guilty and determining that he is making the plea voluntarily. Where the defendant is unrepresented by counsel, the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he has a right to be represented by retained counsel, or pursuant to Criminal Rule 44 by appointed counsel, waives this right.

"(D) Misdemeanor cases involving petty offenses. In misdemeanor cases involving petty offenses * * * the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.

"The counsel provisions of Criminal Rule 44(B), (C) and (D) apply to this subdivision."

"Crim. R. 22. Recording of Proceedings
"In serious offense cases all proceedings shall be recorded.
"In petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded, and if requested by any party all proceedings shall be recorded.

"Proceedings may be recorded in shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device."

"Crim. R. 44. Assignment of Counsel

"* * *

"(B) Counsel in petty offenses. Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.

"(C) Waiver of counsel. Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.

"(D) Assignment procedure. The determination of whether a defendant is able or unable to obtain counsel shall be made in a recorded proceeding in open court."

These rules, being procedural, are largely in implementation of the right of an accused for the assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States, and as interpreted by many decisions of the Supreme Court of the United States. The procedures set forth in the rules are designed to accomplish in a meaningful way the execution of this constitutional right. Thus, Traf. R. 8 requires that a court, prior to taking a plea, shall not only cause the accused to be informed of the scope of his right to counsel, which act of informing appears to be delegable, but the rule then prescribes a mandatory duty to be carried out by the court itself, and that is to determine that the accused knows and understands his right to counsel. Although the court may have attempted to inform the accused of his right to counsel by the document on which the defendant's signature acknowledges that he has "read the above information," the record is wholly silent as to any determination by the court as to the defendant's knowledge and understanding of his right to counsel. This was a mandatory requirement and failure to comply vitiates any proceedings thereafter absent a showing of an informed and voluntary waiver of the right to counsel.

Traf. R. 10 then appears to distinguish between the court's duty in misdemeanor cases involving serious offenses, unlike the offense here, and in misdemeanor cases involving petty offenses, like the offense here. See Traf. R. 2, definitions. It is required, among other things, that in the serious offense case the unrepresented accused be readvised of his right to counsel before a plea of guilty or no contest is accepted, and, among other things, that in petty offense cases the counsel provisions of Crim. R. 44(B) and (C) are still applicable. These provisions, thus incorporated by reference, further elucidate the right of an accused to assigned counsel, the duty of the court to fully advise the accused thereon, the prohibition of a sentence of confinement unless counsel is waived, and the manner in which the waiver must be effected.

The record shows no waiver of the assistance of counsel either in the manner prescribed by Crim. R. 44 for petty offense cases, or in any other manner. In *Argersinger* v. *Hamlin* (1971), 407 U.S. 25, the United States Supreme Court held that the right to assistance of counsel applied not merely to defendants charged with felonies, but to any criminal defendant charged with a crime which could result in imprison-

ment, however brief, whether that offense is classified as petty, misdemeanor or felony.

In our opinion, as heretofore noted, the failure of the trial court to determine the knowledge and understanding of the defendant of his right to counsel, and additionally, its failure to determine whether defendant could not obtain counsel and wanted counsel assigned to him, vitiated the entire proceedings, and constituted error prejudicial to the defendant as set forth in the first assignment of error, requiring reversal and remand for new trial and further proceedings as provided by law.

We are further of the opinion that the court committed error prejudicial to the defendant as set forth in the second assignment of error by, in violation of Crim. R. 44(B) and *Argersinger, supra,* imposing confinement upon him in a proceeding where he was not represented by counsel and where he did not knowingly, intelligently and voluntarily waive the assignment of counsel. In the circumstances here, however, such error does not, as maintained by defendant, require merely that the term of imprisonment be vacated. There is nothing inherent in these proceedings which should wholly absolve defendant of confinement should he be properly convicted and nothing which should prevent defendant from having a new trial *ab initio.*

Accordingly, for these prejudicial errors, the judgment appealed is reversed and vacated and the cause is remanded for new trial.

*Judgment reversed
and cause remanded.*

MILLER, P.J., and COLE, J., concur.

J. THOMAS GUERNSEY, J., retired,

of the Third Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Ohio Constitution.