OPINION
Defendant-appellant Ernest Kyser appeals from the judgment of Mahoning County Court No. 4 which entered a conviction against him after a bench trial on charges arising out of a traffic accident. For the following reasons, appellant's conviction is reversed, and this case is remanded for a new trial.
 STATEMENT OF FACTS
On December 30, 1997, Kenneth Oles filed a police report stating that a car, which was later found to be licensed to appellant, swerved in front of him on Mahoning Avenue and then backed into his truck while he was waiting at a red light. On January 17, 1998, police found appellant and cited him for failure to stop after an accident in violation of R.C. 4549.02, a first degree misdemeanor, and failure to use proper caution in violation of R.C. 4511.38, a minor misdemeanor.
At the initial appearance, appellant waived his speedy trial right and signed a form which disclosed various rights such as the right to counsel and the right to a jury. The form failed to advise him of the need to make a jury demand in order to receive a jury trial in petty offenses. On June 23, 1998, appellant appeared for his trial without counsel. A bench trial proceeded in which appellant represented himself. The trial was not recorded in any manner as appellant failed to request recordation as required in Crim.R. 22.
After the trial, the court found appellant guilty of both charges. On the R.C. 4511.38 violation, appellant was fined $100 plus costs. On the R.C. 4549.02 violation, the court ordered appellant to pay $1,957.29 to the victim in restitution. Appellant was fined $1,000 plus costs with $500 suspended and his driver's license was suspended for 90 days. The court then sentenced appellant to 180 days in jail with 177 days suspended. The court stated that appellant could serve the three remaining days on electronically monitored house arrest if he complied with the restitution order. Appellant's sentence also included twelve months of probation.
Appellant filed notice of appeal, attaching only the judgment entry regarding the conviction and sentence on R.C. 4549.02. The notice of appeal was faxed to the clerk's office on the due date in reliance on a representation that it would be time-stamped that day. However, the document was not time-stamped until the next day. This court dismissed the appeal but soon thereafter allowed appellant to file a delayed appeal. Because the trial was not transcribed, appellant submitted a statement of evidence outlining the trial testimony. This statement was approved by the trial court.
Appellant's brief sets forth two assignments of error. The first assignment of error deals with sufficiency of the evidence. The second assignment of error is broken into two parts, one part dealing with appellant's unawareness of the need to demand a jury, and one part dealing with appellant's self-representation. We shall address the assignments and sub-assignments out of order to enhance the flow of thought.
 FAILURE TO ADVISE OF THE NEED FOR A JURY DEMAND
A form signed by appellant advises him of the right, under R.C.2945.17, to a jury trial for offenses carrying the possibility of a fine that exceeds $100. Appellant thus was informed that he had the right to a jury on the R.C. 4549.02 charge, a first degree misdemeanor with a maximum fine of $1,000. (Note that the R.C.4511.38 charge was a minor misdemeanor with a maximum fine of $100). Appellant argues that his conviction of the first degree misdemeanor should be reversed because the court failed to inform him that a jury demand must be made in order to exercise the right to a jury trial.
The state contends that appellant's failure to procure a transcript of the arraignment forces this court to presume the regularity of the proceedings. However, we only engage in such a presumption of regularity where the record lacks evidence of irregularity. City of Columbus (Dec. 31, 1991), Franklin App. No. 91AP-846, unreported, 2 (stating, "[i]n the absence of evidence to the contrary, there is a presumption of regularity to the proceedings at the trial court level," in a case alleging that the court failed to advise the defendant of various rights).
In the case at bar, the record contains a form which is signed by both the trial court and appellant. The fact that the form lists the right to a jury but fails to notify appellant that he must request one provides evidence which directly rebuts a presumption of regularity. Moreover, the form has a blank for a defendant to mark if he wishes to waive his right to a jury. This would lead a reasonable person to assume that a jury is automatic unless they mark the blank on the form provided. Hence, we proceed under this evidence on a presumption that the court failed to advise appellant of the need to demand a jury.
This advisement is required by Traf.R. 8 which provides in relevant part:
 "(D) Before calling upon a defendant to plead at arraignment the judge shall cause him to be informed and shall determine that defendant knows and understands:
 (4) That he has, where such right exists, a right to a jury trial and that he must, in petty offense cases, make a demand for a jury pursuant to Criminal Rule 23[1]."
Similarly, Crim.R. 5 (A) (5) requires a court, at the initial appearance of a misdemeanor criminal defendant, to advise the defendant of the necessity of demanding a jury in petty offense cases.
We therefore hold that the court erred in failing to advise appellant that his right to a jury could only be exercised if he files a demand for a jury trial. This error is absolutely prejudicial where there is evidence that the defendant arrived for trial and complained about the lack of a jury. In the present case, we must point out that appellant arrived in court, observed that there was no jury and proceeded through a bench trial without mentioning the lack of a jury. Generally, an appellant waives an error of the trial court if he fails to object to that error at a time when the court can take corrective action. This is true unless it is a plain error affecting substantial rights. Crim.R. 52. Nevertheless, we need not consider whether the trial court's error was prejudicial in and of itself due the our resolution of the following sub-assignment.
 FAILURE TO ADVISE OF THE DANGER OF SELF-REPRESENTATION
The aforementioned form signed by the court and appellant advises as follows:
 "2. that he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and
 3. pursuant to Crim R 44, the right to have counsel assigned without cost to himself if he is unable to obtain counsel;"[2]
The form also states that the court is satisfied that the defendant understands his rights. It then has blanks to be checked if the defendant desires to waive various rights. Appellant marked and initialed the blank next to the waiver of a speedy trial. He did not mark the blank next to the waiver of the right to counsel.
Appellant now argues that the court erred by failing to determine whether he understood the significance of proceeding to a bench trial without counsel. This argument is supported by Crim.R. 22 and Crim.R. 44. Pursuant to Crim.R. 22, "in petty offenses all waivers of counsel required by Crim.R. 44 (B) shall be recorded." The relevant parts of Crim.R. 44 are as follows:
"(B) Counsel in petty offenses
 Where a defendant charged with a petty offense is unable to obtain counsel, the court may assign counsel to represent him. When a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel.
(C) Waiver of counsel
 Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. * * *
(D) Assignment procedure
 The determination of whether a defendant is able or unable to obtain counsel shall be made in a recorded proceeding in open court."
The trial court has the burden to make a record where a defendant proceeds to trial without counsel. State v. Nichols
(1997), 122 Ohio App.3d 631. This record must contain an inquiry into the defendant's ability to obtain counsel. Crim.R. 44 (D). The basic right to counsel applies to both indigent and non-indigent defendants. Hence, even if a defendant is not indigent, he should still be advised of the dangers inherent in self-representation. This is known as laying a foundation to accept a waiver of counsel. State v. Gibson (1976), 45 Ohio St.2d 366, 378
(finding, in a case where the defendant dismissed his retained counsel, that the trial court laid a proper foundation by repeatedly warning the defendant of the risks of self-representation and by including an analogy to a surgeon trying to remove his own appendix).
The record must contain an attempt by the trial court to inform the defendant of the gravity of his decision to proceed to trial without counsel. State v. Glasure (1999), 132 Ohio App.3d 227,234-239 (where this court reversed the defendant's conviction based upon the court's failure to inquire on the record into the defendant's understanding of the ramifications of proceeding without an attorney). Waiver of the right to counsel is not to be presumed from a silent record. State v. Eyrich (June 19, 1996), Monroe App. No. 745, unreported, 5; City of Campbell v.Mascarella (Sept. 10, 1991), Mahoning App. No. 90CA188, 90CA191, unreported, 3, citing Carnley v. Cochran (1962), 369 U.S. 506. See, also, State v. Haag (1976), 49 Ohio App.2d 268, 270.
In this case, the court had appellant sign a form explaining some rights. The court had appellant mark and initial a waiver of a speedy trial. Just above that blank lies an empty blank where appellant could have but did not waive his right to counsel. The court signed this form and thus was aware that appellant did not waive his right to counsel at the initial appearance/arraignment.
Thereafter, there is no record establishing an inquiry by the court into whether appellant was able to obtain counsel. Nothing illustrates that he knowingly, intelligently and voluntarily waived his right to counsel. See Eyrich, Monroe App. No. 745 at 5 (stating that regardless of the defendant's motives for appearing without counsel, there must take place an inquiry on the record into whether that defendant is knowingly, intelligently and voluntarily waiving his right to counsel). The record fails to demonstrate that appellant had a sense of the magnitude of his undertaking. Id. See, also, State v. Ebersole (1995), 107 Ohio App.3d 288,294; State v. Weiss (1993), 92 Ohio App.3d 681, 685.
As a result, Crim.R. 44 (B) prohibited the court from imposing a sentence of confinement upon appellant. Nonetheless, the court imposed three days in jail which could be served as electronically monitored house arrest if appellant paid the court-ordered restitution. Electronically monitored house arrest as part of a sentence after conviction is considered confinement for the purposes of Crim.R. 44 (B). See R.C. 2929.23(A) (4) which defines electronically monitored house arrest as "a period of confinement of an eligible offender in the eligible offender's home or in other premises specified by the sentencing court." Cf.Bailey v. Chance (Sept. 18, 1998), Mahoning App. No. 98CA169, unreported, 3 (stating that pretrial house arrest as a condition of bond is not confinement for the purpose of calculating credit for time served). But, see State v. Holt (May 12, 2000), Montgomery App. No. 18035, unreported, 1 (explaining how pretrial house arrest is distinguishable from post-conviction house arrest which is considered confinement for purposes of the crime of escape). See, also, State v. Dubois (Nov. 9, 1994), Wayne App. No. 2885, unreported.
By stating that no sentence of confinement may be imposed without a recorded waiver of counsel, Crim.R. 44 (B) implies that violations of the rule merely require vacation of any sentence of confinement. See, e.g., City of Akron v. Johnson (Mar. 31, 1993), Summit App. No. 15797, 15831, unreported; State v. Vinson (Aug. 19, 1988), Lucas App. No. L-88-015, unreported. Nonetheless, this court has reversed convictions and remanded for new trials based upon the court's failure to record waivers of counsel and warnings against self-representation. See, e.g., Glasure,132 Ohio App.3d at 239; Eyrich, Monroe App. No. 745 at 9; Campbell,
Mahoning App. No. 90CA188 at 3. See, also, City of Marysville v.Marsh (1988), 53 Ohio App.3d 56, 59. Furthermore, the state responded to appellant's waiver of counsel argument by stating, "Should this court view the absence of a transcript to be detrimental to the state's position, the State requests that this matter be remanded to the trial court for a new trial based on this court's decision in Campbell * * *." (State's Brief at 8). Accordingly, we shall reverse appellant's conviction of R.C.4549.02 and remand the case for a new trial.
 SUFFICIENCY OF THE EVIDENCE
Since we are remanding for a new trial, it may initially appear that appellant's sufficiency argument is moot. However, because a reversal based on insufficient evidence bars retrial on double jeopardy grounds, we must determine whether the evidence was sufficient to support appellant's conviction. See State v.Thompkins (1997) 78 Ohio St.3d 380, 388, quoting Tibbs v. Florida
(1982), 457 U.S. 31, 47 (where the court held that retrial is prohibited where a reversal is based upon insufficiency of the evidence).
Whether or not the state presented sufficient evidence is a question of law dealing with adequacy. Thompkins,78 Ohio St.3d at 386. This court must view the evidence in the light most favorable to the state and determine whether any rational trier of fact could find that the elements of the crime have been proven beyond a reasonable doubt. State v. Goff (1998), 82 Ohio St.3d 123,138, citing State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of syllabus. Pursuant to R.C. 4549.02, the relevant elements of the offense for which appellant was convicted are as follows: failing to stop and give name and address after operating a motor vehicle that is involved in a collision on a public road.
Appellant contends that his conviction should be reversed because he is prejudiced by the fact that the trial was not recorded. However, in a petty offense case, the trial need not be recorded unless a party requests recordation. Crim.R. 22. Hence, this argument is without merit.
In place of a transcript, appellant submitted a statement of the evidence pursuant to App.R. 9 (C) which establishes the following testimony. Appellant denied backing into anyone. He testified concerning the time he leaves for work and stated that he does not travel in the direction of the collision on his way to work. Mr. Oles, the complainant, testified that appellant's car backed into him and then fled the scene. He stated that when appellant turned around in his seat, he saw appellant. At trial, he identified appellant as the driver. The investigating officer testified how he tracked appellant down and how appellant denied culpability. Pictures taken by this officer were entered into evidence. The officer opined that the damage to the truck could be caused by Mr. Kyser backing into it. On cross-examination by appellant, the officer admitted that the damage could have been caused if the truck pushed another vehicle.
Appellant complains that the evidence is insufficient "where there is no scientific evidence, no background on the trooper and his experience in this type of matter, and conflicting statements by the parties." First, the state is not required to conduct scientific tests on paint samples when it has the testimony of the eye-witness/victim. Second, regardless of the officer's testimony about his investigation, there was sufficient evidence to support appellant's conviction. This victim called police, reported appellant's car type and license plate number, displayed damage to his truck and described appellant. He then identified appellant at trial as the person who fled the scene after backing into his truck at a red light. Construing the evidence in the light most favorable to the state, reasonable minds could find appellant guilty of failure to stop after an accident.
Lastly, "in a review of the sufficiency of the evidence, the court does not engage in a determination of the witnesses' credibility." Goff, 82 Ohio St.3d at 139. Conflicting statements of a victim and a defendant are commonplace in trials and do not result in a finding of insufficient evidence. The court apparently found the testimony of the victim to be more credible than that of appellant. As we have previously clarified, credibility issues are more properly addressed as a manifest weight argument which appellant has not made. See State v.Christian (Aug. 27, 1999), Mahoning App. No. 97CA171, unreported, 3. Moreover, witness credibility is a question primarily left for the trier of fact who is best positioned to observe and evaluate the demeanor, voice inflection and gestures of the witnesses.Seasons Coal v. Cleveland (1984), 10 Ohio St.3d 77, 80; State v.DeHass (1967), 10 Ohio St.2d 230, 231.
Appellant's sufficiency argument is overruled. Accordingly, the state is not barred from retrying appellant.
For the foregoing reasons, the judgment of the trial court is hereby reversed and this cause is remanded to the trial court for a new trial.
Cox, P.J., concurs, Donofrio, J., concurs.
 _________________________ JOSEPH J. VUKOVICH, JUDGE
[1] A petty offense is one with a six month maximum sentence of incarceration. Traf.R. 2 and Crim.R. 2 (C) (D). A petty offender must exercise his right to a jury trial by filing a timely demand therefor. Crim.R. 23 (A). Where the defendant has been informed of the need to demand a jury and his counsel fails to timely do so, the defendant is not entitled to a trial by jury. State v.Stauffer (1976), 48 Ohio St.2d 54.
[2] These advisements are required by Traf.R. 8 (D) (1) and Crim.R. 5 (A) (2).