OPINION
{¶ 1} Defendant-appellant, Devonne L. Petaway (hereinafter "Petaway"), appeals the judgment of the Logan County Court of Common Pleas convicting him of possession of drugs and committing a felony while under post release control. For the following reasons, we find Petaway's arguments have merit.
 {¶ 2} On May 16, 2004, Petaway was driving a vehicle in the wrong direction on a one-way alley and was pulled over by Officer Scott Marlow (hereinafter "Officer Marlow"). Officer Marlow approached the vehicle and asked Petaway for his driver's license. Petaway did not have a driver's license and instead provided Officer Marlow with his social security number. After checking Petaway's social security number, Officer Marlow discovered that Petaway's driver's license was currently suspended and arrested him for driving under suspension.
 {¶ 3} After arresting Petaway, Officer Marlow conducted a search of the vehicle. During the search, Officer Marlow discovered a plastic bag containing a substance later identified as crack cocaine. Subsequently, Petaway was indicted for possession of drugs, a violation of R.C. 2925.11(A) and a felony of the third degree. At the time of his arrest, Petaway was under post release control.
 {¶ 4} On April 29, 2005, Petaway's attorney informed the trial court that Petaway wanted to be represented by different counsel. When the trial court asked whether Petaway had another attorney "in mind" to represent him, Petaway responded that he would represent himself. The trial court then asked Petaway's former attorney to act as Petaway's legal advisor, and Petaway proceeded pro se.
 {¶ 5} Petaway waived trial by jury and the matter proceeded to a bench trial. Thereafter, Petaway was convicted of possession of drugs and sentenced to four years imprisonment. The trial court found that Petaway was under post release control when he committed the felony and ordered Petaway to serve the remaining twenty-eight months of his post release control. The trial court further ordered the twenty-eight month sentence be served consecutively to the four-year prison term.
 {¶ 6} It is from this conviction Petaway now appeals and sets forth two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I Devonne Petaway was deprived of his right to counsel under theSixth and Fourteenth Amendments to the United States Constitutionand Section 10, Article I of the Ohio Constitution when the trialcourt failed to properly inquire into whether Mr. Petawayknowingly, intelligently, and voluntarily waived his right tocounsel and whether he knowingly, intelligently, and voluntarilyasserted his right to self-representation. (April 29, 2005Hearing). (T.pp. 6-7).
 {¶ 7} In his first assignment of error, Petaway argues the trial court's inquiry into whether he waived his right to an attorney was insufficient to establish that he voluntarily, knowingly, and intelligently waived his right to an attorney.
 {¶ 8} The Sixth Amendment to the United States Constitution provides that defendants shall have the right to have the assistance of counsel for their defense. While a defendant has a right to counsel, the defendant may also waive that right when the waiver is voluntary, knowing, and intelligent. State v.Gibson (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, paragraph one of the syllabus, citing Faretta v. California
(1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562.
 {¶ 9} "[T]o establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." Gibson, 45 Ohio St.2d at paragraph two of the syllabus. In order for the defendant to "competently and intelligently * * * choose self-representation, he should be made aware of the dangers and disadvantages of self representation, so that the record will establish that `he knows what he is doing and his choice is made with eyes open.'"Faretta, 422 U.S. at 835, quoting Adams v. United States exrel McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268.
 {¶ 10} For a waiver of counsel to be valid "such waiver must be made with an apprehension of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." Gibson,45 Ohio St.2d at 377, quoting Von Moltke v. Gillies (1948), 332 U.S. 708,68 S.Ct. 316, 92 L.Ed. 309. Generally, Ohio courts look to see whether under the totality of the circumstances the defendant's waiver of his or her right to counsel was voluntarily, knowingly, and intelligently given. State v. Doyle, 4th Dist. No. 04CA23,2005-Ohio-4072, ¶ 11, citations omitted.
 {¶ 11} In the case sub judice, the trial court conducted the following colloquy regarding Petaway's representation by counsel on April 29, 2005.
* * *
Mr. Gudgel: I've had a limited opportunity to talk to thedefendant, and each time I think I've talked to him at most abouttwo minutes, and each time he gets upset. The last time he wantedto leave the interview room, and the last time he wanted to haveanother attorney assigned to him that he thought would work moreeffectively with him.
 My intent was to inform him of his court time down atmunicipal court later on this afternoon, which he didn't want tohear about, and at that point he said that I was fired and thathe wanted to have another attorney appointed to represent him.
 Due to the nature of this, I do believe that another attorneymight be more suited for Mr. Petaway.
 The Court: Mr. Petaway, do you have anybody in mind you wantthat you know of that will represent you?
 Mr. Petaway: I'll represent myself, Your Honor. I think I'vegot — I studied paralegal when I was in prison. I'll representmyself if I'm — you know, I feel comfortable.
 The Court: What we usually do is assign an attorney to act asyour legal advisor, that if you want to ask the attorney somequestions, that person is there. The person is not responsiblefor your overall defense, but if you want to ask questions of alawyer, your legal advisor is there for you, even though you'rein charge of your own defense.
 Mr. Gudgel, would you serve in that capacity, as a legaladvisor?
 Mr. Gudgel: Yes, Your Honor.
 Mr. Petaway: No.
* * *
 {¶ 12} On May 11, 2005, the trial court engaged in the following discussion with Petaway before allowing him to waive his right to counsel.
* * *
The Court: All right. The other procedural step I'd like to besure that we have done, when I reviewed the file, it appears tome that you have indicated you wish to waive your right tocounsel and proceed representing yourself; is that correct?
 Mr. Petaway: Yes, Your Honor.
 The Court: Although it appears in the court's record, I do notfind a written waiver from you. I wish to read this to you, andthen I will provide it to the bailiff and let you take a look atit. It basically says: The undersigned, being charged with aviolation of Section 2925.11(A), possession of drugs, and havingbeen advised in open court of my right to be represented by anattorney and to have an attorney assigned to me at no cost if I'mindigent, do hereby knowingly, intelligently, and voluntarilywaive my right to the assignment of an attorney.
 Mr. Petaway: Yes, Your Honor.
 The Court: Do you have any questions about that?
 Mr. Petaway: No, Your Honor.
 The Court: You understand that you do have a right to anattorney.
 Mr. Petaway: Yes, Your Honor.
 The Court: And the Court has — would appear has appointed twoseparate counsel for you, and you've indicated that you wish togo forward on your own.
 Mr. Petaway: Yes, Your Honor.
 The Court: I would tell you that it would be the Court'sintention to continue to ask Mr. Gudgel to sit in with you asyour legal assistant even if you do sign this waiver.
 Mr. Petaway: Yes, Your Honor.
 The Court: All right.
 Mr. Petaway, the bailiff has returned to me the Waiver ofAttorney Rule 44C signed by you. Have you done this of your ownfree will?
 Mr. Petaway: Yes, Your Honor.
 The Court: And you have no other questions concerning yourright to counsel?
 Mr. Petaway: No, Your Honor.
* * *
 {¶ 13} After reviewing the entire record, we find the dialogue between the trial court and Petaway falls short of what is required for a defendant to knowingly, voluntarily, and intelligently waive his right to counsel. Although the trial court appointed a legal advisor and obtained a written waiver of counsel from Petaway, the trial court failed to inform Petaway of either the range of allowable punishments, or any possible defenses or mitigations of the charges pursuant to Von Moltke.
Further, the trial court should have, but did not, determine whether Petaway was aware of the disadvantages or dangers inherent in self-representation. See Faretta, 422 U.S. at 835; See State v. Weiss (1993), 92 Ohio App.3d 681, 685,637 N.E.2d 47. For example, the trial court could have warned the defendant of the seriousness of his waiver of counsel, that the defendant would be held to the same Rule of Evidence and Criminal Procedure as an attorney even though he may lack knowledge of those rules, or cautioned the defendant against waiving his right to counsel. However, the trial court's discussion with Petaway did not include any warnings whatsoever of the disadvantages or dangers of self-representation before the trial court accepted Petaway's waiver of counsel. Under the facts and circumstances of this case, we hold that Petaway's waiver of counsel was not knowingly, voluntarily, and intelligently given. Petaway's first assignment of error is, therefore, sustained.
 ASSIGNMENT OF ERROR NO. II The trial court violated Devonne Petaway's rights to dueprocess and a fair trial when, in the absence of sufficientevidence, the trial court found Mr. Petaway guilty of possessionof drugs. Fifth and Fourteenth Amendments to the United StatesConstitution and Section 16, Article I of the Ohio Constitution.(June 13, 2005 Judgment Entry; T.pp. 6-177).
 {¶ 14} In light of our disposition of Petaway's first assignment of error, we find his second assignment of error to be moot.
 {¶ 15} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment Reversed.
 Bryant, P.J., and Shaw, J., concur.