The STATE of Ohio, Appellee,

v.

THOMPSON, Appellant.

[Cite as *State v. Thompson*, 180 Ohio App.3d 714, 2009-Ohio-185.]

Court of Appeals of Ohio,
Third District, Logan County.

No. 8–08–19.

Decided Jan. 20, 2009.

William T. Goslee and Daniel L. Bennett, for appellee.

Kenneth J. Rexford, for appellant.

SHAW, Judge.

{¶ 1} Although this case was originally placed on our accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry. Defendant-appellant, Anthony D. Thompson Jr., appeals from the July 7, 2008 order and judgment entry of conviction of the Bellefontaine Municipal Court finding him guilty of the offense of driving under suspension in violation of R.C. 4510.16 and sentencing him to a term of 180 days in jail and a fine of $500.

{¶ 2} This matter stems from events occurring on July 4, 2008, in Logan County, Ohio. On this date, Trooper Jeremy Allen of the Ohio State Highway Patrol observed Thompson traveling north on State Route 117 and observed that Thompson appeared to be traveling above the posted speed limit of 55 miles per hour. Allen activated his radar unit and clocked Thompson traveling at a rate of 63 miles per hour. Allen then initiated a traffic stop, whereupon he discovered that Thompson was driving under suspension. Allen placed Thompson under arrest and transported him to the Logan County Jail. Thompson was cited for two traffic violations: driving under suspension, in violation of R.C. 4510.16(A), and failure to wear a safety belt, in violation of R.C. 4513.263(B)(1).

{¶ 3} On July 7, 2008, Thompson appeared in the Bellefontaine Municipal Court for his arraignment and entered a plea of no contest. The court found Thompson guilty of driving under suspension in violation of R.C. 4510.16(A) and 4510.16(B)(1), a misdemeanor of the first degree, and continued the matter for sentencing later that day. The court then sentenced Thompson to 180 days in jail and ordered him to pay a fine of $500 plus court costs. The court dismissed the charge of failure to wear a safety belt. On July 8, 2008, Thompson filed a

motion for work release, and on July 9, 2008, the trial court denied Thompson's motion for work release.[1]

{¶ 4} Thompson now appeals the July 7, 2008 order and judgment entry of conviction, asserting one assignment of error.

ASSIGNMENT OF ERROR

The trial court erred in sentencing the defendant by imposition of an actual or suspended jail term despite the failure to secure a waiver of the right to counsel in the circumstance of an uncounseled plea.

{¶ 5} In his sole assignment of error, Thompson alleges that the trial court erred in sentencing him to 180 days in jail because the court failed to secure a valid waiver of the right to counsel from Thompson.

{¶ 6} The Sixth Amendment to the United States Constitution, as made applicable to the states by the Fourteenth Amendment, provides that defendants shall have the right to have the assistance of counsel for their defense. While a defendant has a right to counsel, the defendant may also waive that right when the waiver is voluntary, knowing, and intelligent. *State v. Petaway,* 3rd Dist. No. 8–05–11, 2006-Ohio-2941, 2006 WL 1585444, ¶ 8, citing *State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399, paragraph one of the syllabus, citing *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562.

{¶ 7} "[T]o establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *Gibson* at paragraph two of the syllabus. In order for the defendant to " 'competently and intelligently * * * choose self-representation, he should be made aware of the dangers and disadvantages of self representation so that the record will establish that "he knows what he is doing and his choice is made with eyes open." ' " *Petaway* at ¶ 9, quoting *Faretta* at 835, 95 S.Ct. 2525, 45 L.Ed.2d 562, quoting *Adams v. United States ex rel. McCann* (1942), 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268.

{¶ 8} For a waiver of counsel to be valid, " ' "such waiver must be made with an apprehension of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter." ' " *Petaway,* 2006-Ohio-2941, 2006 WL 1585444, ¶ 10, quoting *Gibson,* 45 Ohio St.2d at 377, 74 O.O.2d 525, 345 N.E.2d

1. Our review of the record reveals that although Thompson was not represented by counsel at his arraignment and plea hearing, his motion for work release was filed by counsel.

399, quoting *Von Moltke v. Gillies* (1948), 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309. Generally, Ohio courts look to see whether under the totality of the circumstances, the defendant's waiver of his or her right to counsel was voluntarily, knowingly, and intelligently given. *State v. Doyle,* 4th Dist. No. 04CA23, 2005-Ohio-4072, 2005 WL 1869674, ¶ 11.

{¶ 9} Pursuant to Crim.R. 44(B), when a defendant has been charged with a petty offense, as in this case, the court may assign counsel to represent him. However, "when a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." Crim.R. 44(B). In *Argersinger v. Hamlin* (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, the United States Supreme Court held that the right to assistance of counsel applied not merely to defendants charged with felonies, but to any criminal defendant charged with a crime that could result in imprisonment, however brief, whether that offense is classified as petty, misdemeanor, or felony.

{¶ 10} Pursuant to Crim.R. 44(C), waiver of counsel shall be in open court, and the advice and waiver shall be recorded as provided in Crim.R. 22. Crim.R. 22 provides that "[i]n petty offenses all waivers of counsel required by Rule 44(B) shall be recorded." " 'The requirements of Crim.R. 44 and 22 are mandatory, and failure to comply with these procedures constitutes error.' " *State v. Constable,* 12th Dist. No. CA2003–12–107, 2005-Ohio-1239, 2005 WL 637792, ¶ 31, quoting *Mason v. Krivinsky* (June 15, 1998), Warren App. No. CA97–09–098, 1998 WL 314384, at *2, citing *State v. Dyer* (1996), 117 Ohio App.3d 92, 96, 689 N.E.2d 1034.

{¶ 11} Additionally, we note that Crim.R. 5(A) governs initial appearances and preliminary hearings and requires the trial court to inform the defendant: (1) of the nature of the charge against him, (2) that he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and pursuant to Crim.R.44, the right to have counsel assigned without cost to himself if he is unable to employ counsel, (3) that he need make no statement and any statement may be used against him, (4) of his right to a preliminary hearing in a felony case, when his initial appearance is not pursuant to indictment, and (5) of his right, where appropriate, to a jury trial. *Middletown v. McIntosh,* 12th Dist. No. CA2006–07–174, 2007-Ohio-3348, 2007 WL 1880660, at ¶ 4.

{¶ 12} Furthermore, we note that Crim.R. 10 governs arraignments and requires that when a defendant does not have counsel, the court must determine that the defendant understands his rights, including the right to counsel, the right to a reasonable continuance to secure counsel, the right to appointed counsel, and the Fifth Amendment right to remain silent. Id. at ¶ 5.

{¶ 13} The Crim.R. 5(A) and Crim.R. 10 requirements that the accused must be informed of his right to counsel apply to misdemeanor prosecutions that, as in the present case, could result in incarceration. See *McIntosh,* 2007-Ohio-3348, 2007 WL 1880660, at ¶ 6, citing *State v. Wellman* (1974), 37 Ohio St.2d 162, 66 O.O.2d 353, 309 N.E.2d 915, at paragraph one of the syllabus; *State v. Nichols* (1997), 122 Ohio App.3d 631, 635, 702 N.E.2d 504. Compliance with Crim.R. 5 is mandatory, and a trial court's failure to comply with the rule " 'invalidates the entire proceeding.' " *McIntosh* at ¶ 6, quoting *State v. Boerst* (1973), 45 Ohio App.2d 240, 241, 74 O.O.2d 350, 343 N.E.2d 141; *Cleveland v. Whipkey* (1972), 29 Ohio App.2d 79, 58 O.O.2d 86, 278 N.E.2d 374; *State v. Shurman* (July 24, 2000), Stark App. No. 2000CA0009, 2000 WL 1028555.

{¶ 14} Finally, we note that Crim.R. 11(E) applies to misdemeanors involving petty offenses and requires that before accepting a plea of no contest, the trial court must inform the defendant of the effects of the guilty, not-guilty, and no-contest pleas. See also *State v. Black* (Apr. 12, 2002), 6th Dist. No. H–01–050, 2002 WL 548331.

{¶ 15} In the present case, our review of the record reveals that when Thompson appeared in court for his arraignment on July 7, 2008, there were several other defendants present. The trial court then read certain rights to the group of defendants assembled for their various arraignments wherein the court stated, in relevant part, as follows:

> I'm going to ask you to enter a plea to that charge, but before you do, I want you to understand your rights in this case. This also applies to everyone else who is here for an arraignment this morning whose name I have not yet called, so pay close attention to this explanation of legal rights that I make to Mr. Fugate.
>
> * * *
>
> You have the right to a jury trial in this court if you desire one, and you have the right to be represented by an attorney. If you need additional time to speak to an attorney before you enter a plea today, then you have the right to a continuance of this hearing in order to talk to your attorney.
>
> And, finally, if you wish to be represented by an attorney but you don't have the funds to hire your own attorney, you have the right to an attorney appointed to represented you by the Court if the Court is satisfied that you are indigent. Do you understand those rights?

{¶ 16} Later that same day, when Thompson's individual case was called before the court, the following exchange occurred:

The State: Anthony Thompson. Mr. Thompson, you've been charged with driving under suspension and not wearing a seat belt.

The Court: Do you understand what you've been charged with?

Thompson: Yes, your Honor.

The Court: And do you understand your legal rights as I explained them earlier?

Thompson: Yes, your Honor.

The Court: Are you prepared to enter a plea at this time?

Thompson: Yes, your Honor.

The Court: What plea?

Thompson: No contest.

{¶ 17} Upon review of the record, it is clear that the trial court did not comply with the mandates of Crim.R.5 or Crim.R. 10 at the time of Thompson's arraignment and initial appearance before the court. Specifically, we find that the trial court did not advise Thompson that he need make no statement and that any statement made might be used against him. Additionally, we find that the trial court did not comply with the mandates of Crim.R. 11(E) in that before accepting Thompson's plea of no contest, the trial court did not inform Thompson of the effects of the guilty, not-guilty, and no-contest pleas.

{¶ 18} Furthermore, we find that the record shows no waiver of the assistance of counsel either in the manner prescribed by Crim.R. 44 for petty-offense cases, or in any other manner. Therefore, we find that the trial court failed to inform Thompson of his rights and failed to ensure that Thompson fully understood and was intelligently relinquishing his right to counsel. As a result of the trial court's failure to satisfy these requirements, the entire proceeding against Thompson is invalid. See *McIntosh,* 2007-Ohio-3348, 2007 WL 1880660, at ¶ 14, citing *Boerst,* 45 Ohio App.2d 240, 74 O.O.2d 350, 343 N.E.2d 141. See also *Marysville v. Marsh* (1988), 53 Ohio App.3d 56, 59, 558 N.E.2d 1184.

{¶ 19} We are further of the opinion that the trial court committed prejudicial error by, in violation of Crim.R. 44(B) and *Argersinger,* 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530, imposing confinement upon Thompson where he was not represented by counsel and where he did not knowingly, intelligently, and voluntarily waive the assignment of counsel. See *Marsh* at 59, 558 N.E.2d 1184.

{¶ 20} Based on the foregoing, Thompson's sole assignment of error is sustained, the July 7, 2008 order and judgment entry of conviction of the Bellefontaine Municipal Court is vacated, and this case is remanded for further proceedings consistent with this opinion and the requirements of Crim.R. 5, 10, 11, and 44.

Judgment vacated
and cause remanded.

WILLAMOWSKI, J., concurs.

ROGERS, J., concurs in part and dissents in part.

ROGERS, Judge, concurring in part and dissenting in part.

{¶ 21} I concur in the majority's discussion as to the trial court's error in sentencing the appellant to a term of confinement when he was not represented by counsel and there was no proper waiver of counsel. However, I dissent from the result reached by the majority.

{¶ 22} The appellant raised only one assignment of error as to the sentence imposed by the trial court. Yet the majority has sua sponte raised other issues not addressed by either the appellant or the state. I would limit our findings in this case to the issue raised by the appellant, sustain his assignment of error, reverse only the sentence imposed by the trial court, and remand for the limited purpose of resentencing.