[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} Defendant-appellant, James Constable, appeals his conviction in the Clermont County Municipal Court for menacing.
 {¶ 2} On May 29, 2003, appellant was charged with menacing in violation of R.C. 2903.22, a fourth-degree misdemeanor. At his arraignment the following day, appellant, appearing pro se, pled not guilty. At that time, the court also held a hearing on a motion for a criminal stalking protection order. After hearing testimony from the alleged victim, the municipal court issued a protection order. The order required appellant not to initiate any contact with the alleged victim. Following the arraignment and the hearing on the motion for the protection order, the municipal court appointed an attorney to represent appellant, who was indigent.
 {¶ 3} Appellant requested a jury trial. The court initially set a trial date of June 25, 2003. However, the court granted appellant's motion for a continuance, setting a new trial date of July 7, 2003. The court then issued another continuance, setting a trial date of July 14, 2003. Due to the illness of the state's primary witness, the court subsequently granted the state's motion for a continuance, setting a new trial date of September 18, 2003.
 {¶ 4} On the September 18, 2003 trial date, appellant informed the court that he wanted to fire his attorney and that he wanted the trial court to appoint another attorney. Appellant told the court that he was extremely unhappy with how his attorney had handled his case. After listening to appellant's complaints, the court stated that appellant's attorney was competent, and that it would not appoint a new attorney. The court then gave appellant three options: (1) proceed with his appointed attorney; (2) represent himself; or (3) ask for a continuance so that he could attempt to hire a new attorney. Stating that he wanted to fire his appointed attorney and that he did not want to represent himself, appellant chose the third option. The court granted a continuance and allowed appellant's appointed attorney to withdraw from the case. The court scheduled a pretrial hearing and informed appellant that if he came to that hearing without an attorney, the court would find that it was appellant's choice to proceed without an attorney.
 {¶ 5} At the pretrial hearing on December 1, 2003, appellant appeared without an attorney. Appellant informed the court that he had attempted to hire an attorney, but could not afford to do so. The court told appellant that because he had fired his court-appointed attorney and had not secured another attorney he was now "on his own."
 {¶ 6} The case proceeded to a jury trial on December 11, 2003. Appellant represented himself during the trial. The jury found appellant guilty of menacing. The municipal court sentenced appellant to 30 days in jail, with 15 days suspended. The court also ordered three years of probation, and that appellant have no contact with the victim.
 {¶ 7} Appellant now appeals his menacing conviction, assigning nine errors. Because we find that appellant's third and fourth assignments of error are dispositive of the case, we now address those assignments.
 {¶ 8} Assignment of Error No. 3:
 {¶ 9} "The court erred in failing to appoint new counsel for appellant, after permitting prior appointed counsel to with-drawal [sic]."
 {¶ 10} Assignment of Error No. 4:
 {¶ 11} "The trial court erred in permitting involuntary `Waivers' of time and counsel."
 {¶ 12} In appellant's third assignment of error, he argues that he was deprived of his right to counsel under the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. In his fourth assignment of error, appellant argues that he did not voluntarily waive his right to counsel.
 {¶ 13} We first address appellant's third assignment of error. Section10, Article I of the Ohio Constitution states that "[i]n any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel[.]" The Sixth Amendment to the United States Constitution states that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defense."
 {¶ 14} The assistance of counsel as provided in the Sixth Amendment is a safeguard "deemed necessary to insure fundamental human rights of life and liberty." Gideon v. Wainwright (1963), 372 U.S. 335, 343, 83 S.Ct. 792. "The Sixth Amendment right to counsel extends to misdemeanor cases which could result in the imposition of a jail sentence." State v. Fields (July 6, 1998), Warren App. Nos. CA97-09-100, CA97-09-101, CA97-11-118, at 5, citing City of Garfield Hts. v. Brewer (1984), 17 Ohio App.3d 216, 217. See, also, Argersinger v. Hamlin (1972), 407 U.S. 25, 92 S.Ct. 2006. "[A]bsent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Id. at 37.
 {¶ 15} "The right to counsel guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution does not always mean counsel of one's own choosing." Statev. Marinchek (1983), 9 Ohio App.3d 22, 23. "An indigent defendant has no right to have a particular attorney represent him and therefore must demonstrate `good cause' to warrant substitution of counsel." State v.Cowans, 87 Ohio St.3d 68, 72, 1999-Ohio-250, quoting United States v.Iles (C.A.6, 1990), 906 F.2d 1122, 1130. Examples of "good cause" include a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict. See State v. Davis (June 4, 1997), Ross App. No. 96CA2181, 1997 WL 305217, at *7, citing State v. Pruitt (1984),18 Ohio App.3d 50, 57.
 {¶ 16} A trial judge may deny the requested substitution and "require the trial to proceed with assigned counsel participating if the defendant's complaint as to counsel is not substantiated or is unreasonable." Cowans at 72-73, citing State v. Deal (1969),17 Ohio St.2d 17, syllabus. The trial court's decision regarding substitution of counsel is reviewed under an abuse of discretion standard. Cowans at 73.
 {¶ 17} When appellant informed the court of his intention to fire his appointed attorney, the court inquired into appellant's complaints. After listening to appellant's complaints, the court stated the following to appellant: "I don't think your reasons for having Mr. Clark removed as your counsel are meritworthy [sic]." Despite that statement, the court permitted appellant's appointed counsel to withdraw from the case. The court then granted a continuance so that appellant could attempt to retain his own counsel. The court stated that if appellant did not retain his own counsel, he would have to proceed "on his own."
 {¶ 18} When appellant appeared at the pre-trial hearing without an attorney, the following exchange took place:
 {¶ 19} "[APPELLANT]: Okay, I have asked you several times prior to today to replace the attorney that I had, Jay Clark, in the case.
 {¶ 20} "THE COURT: You fired Mr. Clark, as I recall.
 {¶ 21} "[APPELLANT]: Well, I had asked you twice prior to that.
 {¶ 22} "THE COURT: My notes indicate that you fired him.
 {¶ 23} "[APPELLANT]: Well, prior to that I asked you to replace him and you did not do so then I had to fire him.
 {¶ 24} "THE COURT: Hire your own lawyer.
 {¶ 25} "[APPELLANT]: Please?
 {¶ 26} "THE COURT: Hire your own lawyer, Mr. Constable. I have appointed very competent counsel for you.
 {¶ 27} "[APPELLANT]: I am not able financially to hire counsel. * * *.
 {¶ 28} "THE COURT: I have already appointed counsel for you, Mr. Constable, you fired him and you have to hire your own. As far as I'm concerned, you're on your own. * * *."
 {¶ 29} We find that by permitting appellant's appointed attorney to withdraw and not appointing appellant a new attorney, the municipal court denied appellant his right to counsel under the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. While the court was not required to appoint appellant an attorney of his own choosing, Marinchek, 9 Ohio App.3d at 23, the court was required to ensure that, absent a valid waiver of counsel, appellant had an attorney to represent him. We note that having found appellant's reasons for wanting to fire his appointed attorney meritless, the court could have required appellant to proceed with his appointed attorney. SeeCowans, 87 Ohio St.3d at 72-73. Allowing appellant's appointed attorney to withdraw and then requiring appellant, an indigent defendant, to hire his own attorney or proceed pro se effectively denied appellant his right to counsel.
 {¶ 30} We now address appellant's fourth assignment of error concerning the waiver of his right to counsel. Crim.R. 44(C) states that "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22." Crim.R. 22 states that "[i]n petty offense cases all waivers of counsel required by Rule 44(B) shall be recorded[.]"
 {¶ 31} "The requirements of Crim.R. 44 and 22 are mandatory, and failure to comply with these procedures constitutes error." State v.Krivinsky (June 15, 1998), Warren App. No. CA97-09-098, at 3, citingState v. Dyer (1996), 117 Ohio App.3d 92, 96. The waiver of counsel must "affirmatively appear on the record." Krivinsky at 3. "A knowing and voluntary waiver will not be presumed from a silent record." Id. at 4. "Courts are to indulge every reasonable presumption against the waiver of a fundamental constitutional right including the right to be represented by counsel." Dyer at 95.
 {¶ 32} The state indicates in its brief that it cannot locate a written waiver of counsel in the record. This court cannot find a written or oral waiver of counsel in the record. The state argues that appellant "constructively waived" his right to counsel by refusing to heed the trial court's admonition that if he appeared at the pretrial hearing without an attorney, he was choosing to proceed "on his own."
 {¶ 33} After thoroughly reviewing the record, we do not find that a meaningful exchange took place between appellant and the municipal court in which appellant validly waived his right to counsel. Appellant did state that he understood the choices the court had given him, but we do not find this equivalent to a knowing and voluntary waiver of counsel. We note that appellant consistently stated his intention not to try the case himself, as late as the December 1, 2003 pretrial hearing. A valid waiver of counsel does not "affirmatively appear on the record," see Krivinsky,
Warren App. No. CA97-09-098, at 3, and was not recorded "in open court" pursuant to Crim.R. 44(C). Therefore, we find that the municipal court erred in allowing appellant to proceed pro se and in sentencing him to jail time without a proper waiver of the right to counsel. See Fields,
Warren App. Nos. CA97-09-100, CA97-09-101, CA97-11-118, at 7.
 {¶ 34} Having found that appellant was denied his right to counsel under the Sixth Amendment to the United States Constitution and Section10, Article I of the Ohio Constitution, we sustain appellant's third assignment of error. Since the record does not show a valid waiver of appellant's right to counsel, we also sustain appellant's fourth assignment of error. Appellant's remaining assignments of error are dismissed as moot. See App.R. 12(A)(1)(c).
 {¶ 35} Judgment reversed and cause remanded for further proceedings consistent with this opinion.
Young, P.J., and Walsh, J., concur.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.