[Cite as *State v. Hill*, 2018-Ohio-1345.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                   CASE NO. 7-17-07

      v.

BENJAMIN D. HILL,

                                 **O P I N I O N**

      DEFENDANT-APPELLANT.

Appeal from Napoleon Municipal Court
Trial Court No. 17CRB0639

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision: April 9, 2018

APPEARANCES:

    *Alan J. Lehenbauer* **for Appellant**

    *Anthony C. Johnson* **for Appellee**

**SHAW, J.**

{¶1} Defendant-Appellant, Benjamin D. Hill ("Hill"), appeals the September 21, 2017 judgment of the Napoleon Municipal Court, convicting him, following a guilty plea, of one count of persistent disorderly conduct in violation of R.C. 2917.11(A)(1), (E)(3)(a), a misdemeanor of the fourth degree. On appeal, Hill claims that the underlying complaint initiating this case failed to properly invoke the trial court's jurisdiction because it did not comply with Crim.R. 3, and that the trial court failed to comply with Crim.R. 11(E) when it accepted his guilty plea.

{¶2} On July 12, 2017, a complaint and probable cause affidavit were filed alleging that Hill "did knowingly cause or attempt to cause physical harm to a family or household member." (Doc. No. 1). The complaint further indicated that Hill's alleged conduct constituted the offense of domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree. The probable cause affidavit accompanying the complaint set forth the details of the offense, stating that the victim found at the household claimed Hill had "slapped her 3 times in [sic] the left side of the face, with an open hand, and choked her by placing his hand around her neck and pushing her into the refrigerator." Both the complaint and affidavit were signed by the responding law enforcement agent, Sergeant Robinson of the Deshler Police Department, and displayed a notary public stamp current in commission. Hill was subsequently arraigned and pled not guilty.

{¶3} On September 21, 2017, Hill appeared in court represented by counsel and withdrew his not guilty plea and entered a plea of guilty to an amended charge of persistent disorderly conduct, a fourth degree misdemeanor. The trial court accepted Hill's guilty plea and sentenced him to serve 30 days of incarceration, all suspended upon certain conditions, and to pay a $50.00 fine, plus court costs.

{¶4} Hill filed this appeal, asserting the following assignments of error.

**ASSIGNMENT OF ERROR NO. 1**

**THE TRIAL COURT LACKED JURISDICTION BASED ON A COMPLAINT THAT WAS INVALID UNDER CRIMINAL RULE 3.**

**ASSIGNMENT OF ERROR NO. 2**

**THE TRIAL COURT ERRED IN ACCEPTING THE DEFENDANT'S PLEA BY FAILING TO COMPLY WITH CRIMINAL RULE 11(E).**

{¶5} For ease of discussion, we elect to address the assignments of error out of order.

*Second Assignment of Error*

{¶6} In his second assignment of error, Hill contends that the trial court erred in failing to substantially comply with Crim.R. 11(E) when it accepted his guilty plea.

{¶7} Crim.R. 11 sets forth distinct procedures for the trial court to follow in accepting a plea, with the procedures varying based upon whether the offense

involved is a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 11. For a "petty offense" misdemeanor, such as Hill's persistent disorderly conduct offense, the trial court was required only to inform Hill of the effect of his guilty plea. *Jones* at ¶ 14; Crim.R. 11(E); see Crim.R. 2 (defining classifications of offenses).

{¶8} The Supreme Court of Ohio has held that, to satisfy the requirement of informing a defendant of "the effect of the plea" before accepting a guilty plea to a petty misdemeanor, the court is required to inform the defendant that the plea is a complete admission of guilt. *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093 at ¶ 25. Unlike the provisions applicable to more serious offenses, Crim. R. 11(E) does not require the trial court to personally address the defendant and determine that the defendant understands the nature of the charge and is entering the plea voluntarily. *State v. Wright*, 2d Dist. Montgomery No. 26471, 2015-Ohio-3919, ¶ 17.

{¶9} While literal compliance with Crim.R. 11 is preferred, such compliance is not required when the trial court informs the defendant of a nonconstitutional right, as is "[t]he right to be informed that a guilty plea is a complete admission of guilt." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12; *see also*, *State v. Beach*, 9th Dist. Summit Nos. 26021, 27124, 2015-Ohio-3445, ¶ 31, citing *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 29-32. Consequently, in cases involving the trial court's explanation of the effect of a guilty plea, we must only

engage in "a substantial compliance analysis." *Griggs* at ¶ 12. Under this standard of review, "a slight deviation from the text of the rule is permissible[ ] so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving[.]' " *Clark* at ¶ 31, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶10} Here, prior to accepting his guilty plea, the trial court addressed Hill and stated the following:

> **So Mr. Hill, you realize then that the Court is approving that amendment [from a change of domestic violence to disorderly conduct] and you would be pleading guilty to an allegation under 2917.11(A)(1)(E)(3)(a), and that on or about July 11, 2017 you did in the Village of Deshler, Henry County, State of Ohio, knowingly engage in fighting and threatening harm to persons or property or a violent or turbulent behavior and persisted in that disorderly conduct after a reasonable warning or requested assist. It is a misdemeanor of the fourth degree and it is punishable by up to thirty days in jail, a $250 fine or both. If you do wish to plead guilty to that charge there is a written waiver for you to sign. Please read over this waiver with your attorney, initial lines three and four and date and sign the bottom where indicated. The Court will find the defendant knowingly, voluntarily and intelligently with full understanding of his rights waived those rights and enters a plea of guilty to a charge as amended. The Court would accept his plea and find him guilty.**

(Doc. No. 26 at 3).

{¶11} The record further indicates that at the time of entering his guilty plea, Hill also signed and initialed a written statement acknowledging the wavier of his right to a trial and/or a trial by jury. We believe the record supports a finding that

the totality of the circumstances indicates that Hill subjectively understood the implications of his plea and the rights he was waiving, and thus, the trial court substantially complied with Crim.R. 11(E).

**{¶12}** Even assuming that the trial court failed to satisfy its obligation under Crim.R. 11 to inform Hill of the effect of his guilty plea, the Supreme Court of Ohio has held that a defendant must establish that the failure to comply with nonconstitutional rights, such as the information contained in Crim.R. 11(B)(1), resulted in prejudice, meaning the defendant would not have entered his plea. *Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093 at ¶ 52.

**{¶13}** There is no evidence of prejudice in this case. At the change of plea hearing, Hill did not claim innocence. Instead, he acknowledged that he "made a mistake" and "apologize[d] to the State for the inconvenience." (Doc. No. 26 at 4). By failing to assert his innocence, Hill is "presumed to understand that a plea of guilty is a complete admission of guilt." *Jones* at ¶ 54, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 19. Hill further requested that his recommended sentence of thirty days of jail suspended be "filed" as thirty days with credit for time served. The Court explained to Hill that he was not eligible for credit because he was serving time on another case while awaiting the resolution in the case *sub judice*. Accordingly, we are not persuaded by Hill's arguments on appeal that the

trial court erred in accepting his guilty plea and the second assignment of error is overruled.

*First Assignment of Error*

{¶14} In his first assignment of error, Hill asserts that the trial court lacked jurisdiction to hear the case based upon his allegation that the complaint failed to comport with the requirements of Crim.R. 3 because it did not contain a written statement of the essential facts and was not made upon oath before an authorized person.

{¶15} Crim.R. 3 states that "[t]he complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance.  It shall be made upon oath before any person authorized by law to administer oaths." Crim.R. 3.  "The purpose of a complaint filed in a criminal case is to provide reasonable notice to the defendant of the nature of the offense." *State v. Smith*, 10th Dist. Franklin No. 16AP–21, 2017-Ohio-9283, ¶ 21.  "A valid complaint "must contain * * * 'a written statement of the essential facts constituting the offense charged[,]' " and " 'may be in the words of the applicable section of the statute, * * * or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged.' "  *State v. Jones*, 11th Dist. Ashtabula No. 2015-A-0068, 2016-Ohio-6987, ¶ 18, citing Crim.R. 3 and Crim.R. 7(B).

*Written Statement of the Essential Facts*

**{¶16}** As previously indicated, the complaint initiating this case described Hill's alleged conduct by using all the elements which comprise the offense of domestic violence, as well as including the numerical designation of the applicable statute and the level of the offense.  As such, we find that the complaint adequately apprised Hill of the nature of the offense with which he was charged and find no error on this basis.

*Made Upon Oath Before an Authorized Person*

**{¶17}** Hill next argues that the complaint is invalid and his conviction is void based upon his allegation that "there is no attestation by the charging officer before a person authorized by law to administer oaths, as required by Crim.R. 3."  (Appt. Brief at 6).  The record establishes that the complaint and probable cause affidavit were both signed by Sergeant Robinson as the complainant and affiant.  On the line underneath Sergeant Robinson's signature on both documents appears the statement "Sworn to and subscribed before me by the Complainant [Affiant] on July 11, 2017."  Appearing over the signature line on the probable cause affidavit and under the signature line on the complaint is a stamp that states "Rhonda Slee Notary Public My Commission Expires."  Handwritten underneath the stamp appears the date "4-11-22."  In addition to the Notary Public stamp, both documents bear the stamped seal stating "Notary Public State of Ohio" with the official State Seal.

**{¶18}** Despite all these indicators that a Notary Public *may have been* present to administer an oath upon Sergeant Robinson signing these documents, the record fails to indicate that a Notary Public *signed* the documents verifying the complaint and/or affidavit were sworn under oath by Sergeant Robinson in the presence of someone authorized to administer the oath. "As a general proposition, a jurat is merely a certificate which is intended to establish that the oath was duly administered by a duly authorized individual." *State v. Davies*, 11th Dist. Ashtabula No. 2012-A-0034, 2013-Ohio-436, ¶ 24 citing *Taxis v. Oakwood*, 19 Ohio L.Abs. 498 (2nd Dist.1935). "Notwithstanding the fact that the signature is usually dispositive of the 'verification' issue, it has been held that the lack of the signature, or the total omission of the jurat, will not render the complaint void under all circumstances." *Id*. at ¶ 26, citing *Taxis*, 19 Ohio L.Abs. 498. "Instead, the validity of the complaint can still be upheld if the prosecution can otherwise show, based upon other language in the document or evidence outside the record, that a proper oath was administered by a person duly authorized to take the oath." *Id*.

**{¶19}** In this case, Hill did not raise the issue of a jurisdictional defect based upon the lack of signature by the Notary Public before the trial court. As a result, the trial record does not contain any factual findings verifying that Rhonda Slee, or another authorized person, administered the oath to Sergeant Robinson upon him

signing the complaint and accompanying affidavit. For this reason, the judgment of the trial court is reversed.

{¶20} If evidence outside the record shows that Rhonda Slee actually administered the oath, despite not personally signing, or someone else authorized to administer an oath actually did so, the complaint would not be defective and the conviction would not be void. Accordingly, this case is reversed and remanded for a hearing to determine whether the complaint was sworn under oath by Sergeant Robinson in the presence of someone authorized to administer an oath as required by Crim.R. 3. Therefore, to this extent only, the first assignment of error is sustained.

{¶21} For the aforementioned reasons, we overrule the second assignment of error and sustain the first assignment of error on the limited basis set forth above. Accordingly, the judgment of the trial court is affirmed in part and reversed in part, and the case is hereby remanded so that an evidentiary hearing can be held on the issue of whether the complaint was sworn under oath by Sergeant Robinson in the presence of someone authorized to administer oaths.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**WILLAMOWSKI, P.J., and PRESTON, J., concur.**

**/jlr**