[Cite as *State v. Curtis*, 2021-Ohio-989.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | JUDGES: |
| | Hon. Craig R. Baldwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 20 CAC 08 0031 |
| PATRICK R. CURTIS | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Municipal Court,
                             Case No.  20 CRB 00663


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      March 24, 2021


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

ASHLEY THOMAS                       GLORIA SMITH
ASSISTANT PROSECUTOR                670 Meridian Way
70 North Union Street               #188
Delaware, Ohio  43015               Westerville, Ohio  43082

*Wise, J.*

**{¶1}** Defendant-Appellant Patrick R. Curtis appeals his conviction and sentence on one count of Aggravated Menacing entered in the Delaware County Municipal Court following a plea of guilty.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

STATEMENT OF THE CASE

**{¶3}** On June 1, 2020, Appellant Patrick R. Curtis was charged with one count of Aggravated Menacing, in violation of R.C. §2903.21(A), a first degree misdemeanor.

**{¶4}** On June 3, 2020, Attorney Alex Pomerants was appointed to represent Appellant.

**{¶5}** On June 25, 2020, at the scheduled plea hearing, Appellant's appointed attorney was not able to be at the hearing. (T. at 3). Attorney Jonathan Klein was present at the plea hearing to stand in for Attorney Pomerants as Appellant's attorney. (T. at 3) Mr. Pomerants spoke with Mr. Klein before the hearing about his conversation with his client concerning this plea. (T. at 3). The trial court inquired of Appellant to ensure that he understood, and Appellant indicated that he did. (T. at 4). The trial court proceeded to go through a colloquy with Appellant regarding the waiver of his rights. (T. at 4). The trial court repeatedly asked Appellant if he understood what giving up his rights and entering a guilty plea meant. (T. at 5). Appellant replied that he understood. (T. at 5). The trial court accepted his plea of guilty once the colloquy was completed and after Appellant stated that he understood everything that was meant by entering a guilty plea. (T. at 4-6). Based on his plea, the trial court ultimately found the Appellant guilty. (T. at 7).

**{¶6}** The trial court sentenced Appellant to serve 180 days in jail, with 120 days suspended, and community control for two years; a $250 fine and court costs, no contact with the victim, mental health assessment, and a GPS monitor.

**{¶7}** Appellant now appeals, assigning the following errors for review:

<u>ASSIGNMENTS OF ERROR</u>

**{¶8}** "I. APPELLANT WAS DENIED THE RIGHT TO ASSISTANCE OF COUNSEL PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS TO THE US CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION AT THE PLEA HEARING.

**{¶9}** "II. THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH CRIM.R. 44(B), 44(C), AND 22.

**{¶10}** "III. APPELLANT WAS DENIED DUE PROCESS RIGHTS PURSUANT TO THE FIFTH AND FOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 16 OF THE OHIO CONSTITUTION AT THE PLEA HEARING.

**{¶11}** "IV. THE TRIAL COURT ERRED BY FAILING TO COMPLY WITH CRIM.R.11 (E)."

**{¶12}** As Appellant has combined his arguments for Assignments of Error One and Two and Assignments of Error Three and Four, this Court will likewise do the same.

**I., II.**

**{¶13}** In his first and second assignments of error, Appellant argues that he was denied the effective assistance of counsel and that the trial court erred in failing to comply with Crim. R. 44(B) and (C) and Crim. R. 22. We disagree.

**{¶14}** "It is axiomatic that a criminal defendant has a right to counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, as well as a right to act as his own counsel during trial, if he so chooses." *State v. Harris*, 6th Dist. Erie No. E-02-019, 2003-Ohio-5190, ¶ 23, citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

**{¶15}** Appellant herein claims that the trial court failed to comply with Crim.R. 44(B) and (C), and Crim.R.22.

**{¶16}** Pursuant to Crim.R. 44(B), when a defendant has been charged with a petty offense, as in this case, the court may assign counsel to represent him. Pursuant to Crim.R. 44(C), waiver of counsel shall be in open court, and the advice and waiver shall be recorded as provided in Crim.R. 22. Crim.R. 22 provides that "[i]n petty offenses all waivers of counsel required by Rule 44(B) shall be recorded." " 'The requirements of Crim.R. 44 and 22 are mandatory, and failure to comply with these procedures constitutes error.' " *State v. Constable,* 12th Dist. No. CA2003–12–107, 2005-Ohio-1239, 2005 WL 637792, ¶ 31, quoting *Mason v. Krivinsky* (June 15, 1998), Warren App. No. CA97–09–098, 1998 WL 314384, at 2, citing *State v. Dyer* (1996), 117 Ohio App.3d 92, 96, 689 N.E.2d 1034.

**{¶17}** Upon review, we find that the mandates set forth in Criminal Rules 44 and 22 are not applicable in Appellant's case. Appellant was represented by counsel at every stage of the proceedings. Appellant was appointed counsel by the trial court. He did not waive his right to counsel. Appointed counsel reviewed the plea agreement with Appellant. Appellant's appointed counsel made arrangements for another attorney to be present in the courtroom on his and Appellant's behalf during the plea hearing.

{¶18} The following exchange took place during the plea hearing:

THE COURT: All right. We're here on State of Ohio vs. Patrick Curtis, Case Number 20 CRB 00663. Mr. Klein is here on behalf of the Defendant, covering for Mr. Pomerants; the State of Ohio is represented by Miss Harris.

It does look like there have been some negotiations. Miss Harris, if you could put them on the record.

MS. HARRIS: Thank you, -Your Honor. I believe he would be pleading to the charge, and the State does have considerations from the victim as well to assess.

THE COURT: All right. Very good. Mr. Klein, is that your understanding of the negotiations?

MR. KLEIN: Yeah. I spoke to Alex [Pomerants] who was in contact with his client, and he told me he was pleading to Aggravated Menacing, Your Honor.

{¶19} (T. at 3-4).

{¶20} As set forth above, substitute counsel confirmed that he spoke with appointed counsel before the hearing regarding his conversation with Appellant concerning this plea (T. at 3). Further, the trial court asked Appellant to make sure he understood, and Appellant indicated that he did. (T. at 4).

{¶21} Appellant does not direct us to any case law or other authority to support his proposition that his right to counsel was violated by substitute counsel appearing at the plea hearing. Therefore, this argument is without merit.

{¶22} Appellant's first and second assignments of error are overruled.

**III., IV.**

**{¶23}** In his third and fourth assignments of error, Appellant argues the trial court failed to comply with Crim.R. 11(E) and that he was therefore denied due process. We disagree.

**{¶24}** Crim.R. 11

**{¶25}** " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Hurt*, 5th Dist. Muskingum No. CT2019-0053, 2020-Ohio-2754, 2020 WL 2120071, ¶ 17 quoting *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7 quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards." *State v. Moore*, 4th Dist. Adams No. 13CA965, 2014-Ohio-3024, 2014 WL 3359226, ¶ 13.

**{¶26}** To ensure that pleas conform to these high standards, the trial judge must engage the defendant in a colloquy before accepting his or her plea. *See State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus; Crim.R. 11(C), (D), and (E). It follows that, in conducting this colloquy, the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 26. If a defendant receives the proper

information, a reviewing court "can ordinarily assume that he understands that information." *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979).

{¶27} Before accepting a guilty plea in a felony case a trial court must address the defendant personally and determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a). The court must also inform the defendant of both the constitutional and nonconstitutional rights he is waiving and determine that he "understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." Crim.R. 11(C)(2)(b). Finally, the court must determine that the defendant understands that he "is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c). Strict compliance with Crim.R. 11(C)(2)(c) is required because constitutional rights are involved. "However, failure to [literally comply] will not necessarily invalidate a plea.

{¶28} "The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." *Veney* at ¶ 18 quoting *State v. Ballard*, 66 Ohio St.2d 473, 479–480, 423 N.E.2d 115 (1981). When a trial court complies with Crim.R. 11(C)(2) in accepting a plea, there is a presumption that the defendant's plea was

knowingly, intelligently, and voluntarily made. *State v. Montanez*, 8th Dist. Cuyahoga No. 108093, 2020-Ohio-1023, 2020 WL 1310343, ¶ 8 citing *State v. Alexander,* 8th Dist. Cuyahoga No. 103754, 2016-Ohio-5707, ¶ 11; *State v. Murray*, 12th Dist. Brown No. CA2015-12-029, 2016-Ohio-4994, ¶ 20.

**{¶29}** In the instant case, the trial court engaged in the following colloquy with Appellant:

THE COURT:        All right. So before I can accept any plea I need to make sure you understand your constitutional rights. The officer at the jail should have a waiver of rights form for you? When the officer gives it to you, I need you to read through it, fill it out, sign it, and when you're done we'll proceed. But make sure you read through it. All right. Mr. Curtis, did you read through that form?

THE DEFENDANT: Yes, ma'am.

THE COURT:        Did you understand your rights as outlined on that form?

THE DEFENDANT: Yes, ma'am.

THE COURT:        Do you have any questions about your rights?

THE DEFENDANT: No, ma'am.

THE COURT:        Mr. Curtis, in understanding your rights, do you now wish to waive or give them up and enter a guilty plea here today?

THE APPELLANT: Yes, ma'am.

THE COURT:        Do you understand that a guilty plea is a complete admission of your guilt? That you acknowledge your guilt? And accept legal consequences that flow from your actions?

THE APPELLANT:  Yes, Your honor, I do.

THE COURT:        Do you understand the maximum penalties you're facing here today?

THE APPELLANT:  Yes, Your Honor, I do.

THE COURT:        Okay. The Court could sentence you up to 180 days and up to a thousand dollar fine. Do you understand that?

THE APPELLANT:  Yes, Your Honor, I do.

THE COURT:        Do you understand that if you're not a citizen, any plea or conviction could result in your deportation, your exclusion from admission into the United States, and a denial of naturalization under United States laws?

THE APPELLANT:  Yes, Your Honor, I do.

THE COURT:        Has anybody threatened you or made any promises to get you to plead here today?

THE APPELLANT:  No, Your Honor, they haven't.

THE COURT:        Are you under the influence of drugs or alcohol here today?

THE APPELLANT:  No, Your Honor, I'm not.

**{¶30}**  (T. at 3-6; Plea Form 18).

**{¶31}** The record supports that the trial court advised Appellant regarding the waiver of his rights and whether Appellant understood what giving up his rights and entering a guilty plea meant. (T. at 3-5). Appellant replied that he understood. (T. at 5).

**{¶32}** Appellant also argues that the plea form in this matter was incomplete because it was only signed by Appellant and no check mark was made by counsel on the

box stating, "The undersigned attorney counseled me on my rights." *Id.* The plea form was not signed by appointed counsel and it was not signed by the attorney that was present at the plea hearing.

**{¶33}** Upon review, we find no insufficiency with the plea form in this instance. Appellant was at the jail and appeared remotely for the hearing, while counsel was in the courtroom with the trial court judge. It was not logistically possible for counsel to sign the plea form contemporaneously with Appellant. Counsel did, however, confirm on the record that appointed counsel had discussed the plea with Appellant.

**{¶34}** Again, Appellant provides no legal authority to support his brief argument that the fact that counsel did not check the box on the plea form or sign the form amounted to a lack of legal counsel at the hearing in light of assertions to the contrary, made on the record.

**{¶35}** Based on this record, we find the trial court complied with Crim.R. 11. We find no reason to doubt that Appellant understood the proceedings and was capable of entering his guilty plea knowingly, intelligently, and voluntarily.

**{¶36}** Furthermore, as Appellant himself stated in his brief, "[t]he failure to comply with Crim.R. 11 will not invalidate a plea unless the defendant was prejudiced. *Id.* citing *State v. Griggs,* 103 Ohio St.3d 85, 2004-0hio-4415, 814 N.E.2d 51, ¶12. The test for prejudice is "whether the plea would have otherwise been made." *State v. Nero,* 56 Ohio St. 3d 106, 108, 564 N.E.2d 474 (1990).

**{¶37}** With the exception of the argument concerning not having appointed counsel present, Appellant has not shown prejudice and has not argued that his plea would not have been made otherwise.

**{¶38}** Appellant's third and fourth assignments of error are overruled.

**{¶39}** The judgment of the Municipal Court of Delaware County, Ohio, is affirmed.

By: Wise, J.

Baldwin, J., and

Delaney, J., concur.

JWW/kw 0323