[Cite as *State v. Jiminez*, 2024-Ohio-5255.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## PUTNAM COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JOSE DILMAR LOPEZ JIMENEZ,

    DEFENDANT-APPELLANT.

CASE NO. 12-23-06

O P I N I O N

Appeal from Putnam County Common Pleas Court
Trial Court No. 2023 TRD 01300

**Judgment Reversed and Cause Remanded**

Date of Decision: November 4, 2024

APPEARANCES:

    *Austin C. Buchholz* **for Appellant**

    *Nicole M. Smith* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Jose Dilmar Lopez Jimenez ("Jimenez") appeals the November 7, 2023 judgment entry of sentence of the Putnam County Municipal Court convicting him of operating a motor vehicle without a valid license and sentencing him to 180 days in jail (with 160 of those days suspended). For the reasons that follow, we reverse and remand this case with instruction for the trial court to vacate Jimenez's sentence of confinement.

{¶2} On October 30, 2023, Jimenez was charged with operating a motor vehicle without a valid license in violation of R.C. 4510.12(C)(1), a first-degree misdemeanor. After initially appearing on November 2, 2023, Jimenez was ordered to re-appear on November 7, 2023 in order for the trial court to obtain the assistance of an interpreter since Jimenez does not speak English. Thus, Jimenez appeared on November 7, 2023 for arraignment and pleaded guilty (with the assistance of an interpreter) to the charge in the complaint. The trial court sentenced Jimenez to three years of community-control sanctions, including 180 days in jail, with 160 days suspended conditioned on his compliance with his community-control sanctions. The trial court further imposed a $250.00 fine.

{¶3} On November 13, 2023, Jimenez filed a notice of appeal. He raises one assignment of error for our review.

**Assignment of Error**

**The trial court erred in not making an inquiry to determine whether the Appellant fully understood and intelligently relinquished his right to counsel.**

{¶4} In his assignment of error, Jimenez argues that his guilty plea was not knowing, intelligent, and voluntary because the trial court failed to secure a valid waiver of his right to counsel. Specifically, Jimenez contends that "the trial court failed to conduct any dialog with [him] in order to assure [he] was fully aware of the rights he was giving up" since he "was advised of his rights at the very beginning of the arraignment, as part of a group, along with the all the [sic] other defendants present at the time." (Appellant's Brief at 4).

*Standard of Review*

{¶5} "Crim.R. 11 sets forth distinct procedures for the trial court to follow in accepting a plea, with the procedures varying based upon whether the offense involved is a misdemeanor that is a petty offense, a misdemeanor that is a serious offense, or a felony." *State v. Hill*, 2018-Ohio-1345, ¶ 7 (3d Dist.). "Under Crim.R. 11(E), in misdemeanor cases involving petty offenses, such as this case, 'the court may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty.'" *State v. Dumas*, 2024-Ohio-2731, ¶ 4 (2d Dist.). *See State v. Bowers*, 2012-Ohio-1585, ¶ 18 (3d Dist.) ("A 'petty offense' as indicated in Crim.R.

11(E) is defined as any misdemeanor for which the maximum penalty pursuant to state law is imprisonment for six months or less."); Crim.R. 2(D). *See also State v. Bozso*, 2020-Ohio-3779, ¶ 6 (noting that R.C. 2943.031(A) "requires trial courts to advise a noncitizen defendant prior to accepting a guilty or no-contest plea to a felony (or misdemeanor other than a minor misdemeanor) that entering the plea" may have certain immigration consequences).

{¶6} "The Supreme Court of Ohio has held that, to satisfy the requirement of informing a defendant of 'the effect of the plea' before accepting a guilty plea to a petty misdemeanor, the court is required to inform the defendant that the plea is a complete admission of guilt." *Hill* at ¶ 8, quoting *State v. Jones*, 2007-Ohio-6093, ¶ 25. *See also State v. Penkala*, 2015-Ohio-914, ¶ 4 (6th Dist.) ("'To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B).'"), quoting *Jones* at paragraph two of the syllabus. "Unlike the provisions applicable to more serious offenses, Crim. R. 11(E) does *not* require the trial court to personally address the defendant and determine that the defendant understands the nature of the charge and is entering the plea voluntarily." (Emphasis added.) *Hill* at ¶ 8.

{¶7} Crim.R. 11 further provides that "[t]he counsel provisions of Crim.R. 44(B) and (C) apply to" Crim.R. 11(E). Under Crim.R. 44(B), a defendant may not be sentenced "unless after being fully advised by the court, he knowingly,

intelligently, and voluntarily waives assignment of counsel." *See State v. Thompson*, 2009-Ohio-185, ¶ 9 (3d Dist.) (noting that "the right to assistance of counsel applied not merely to defendants charged with felonies, but to any criminal defendant charged with a crime that could result in imprisonment, however brief, whether that offense is classified as petty, misdemeanor, or felony"). *See also* Crim.R. 5(A) and Crim.R. 10. "In petty offense cases, waiver of counsel shall be made in open court and recorded." *Id.*, citing Crim.R. 22 and Crim.R. 44(C). *See State v. Yerkey*, 2024-Ohio-724, ¶ 38 (7th Dist.) (noting that "the additional requirement of a written waiver only appl[ies] in serious offense cases" under Crim.R. 44(C)).

{¶8} """The requirements of Crim.R. 44 and 22 are mandatory, and failure to [substantially] comply with these procedures constitutes error."" *Thompson* at ¶ 10, quoting *State v. Constable*, 2005-Ohio-1239, ¶ 31 (12th Dist.), quoting *Mason v. Krivinsky*, 1998 WL 314384, *2 (12th Dist. June 15, 1998). *See also Akron v. Ragle*, 2005-Ohio-590, ¶ 9 (9th Dist.) ("Substantial compliance with Crim.R. 44 waiver of counsel is sufficient in a petty offense case like the one at bar."). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

**{¶9}** Nevertheless, "'[t]o establish an effective waiver of right to counsel, the trial court must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right.'" *Thompson* at ¶ 7, quoting *State v. Gibson*, 45 Ohio St.2d 366 (1976), paragraph two of the syllabus. "For a petty offense, voluntary and knowing waiver may be shown through the court's colloquy with the defendant." *State v. Brooke*, 2007-Ohio-1533, ¶ 54.

**{¶10}** "'To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand.'" *State v. Dingman*, 2024-Ohio-3327, ¶ 18 (2d Dist.), quoting *Von Moltke v. Gillies*, 332 U.S. 708, 723-724 (1948). "There is no formula or script that a trial court must follow in every case in order to comport with the requirements of the Sixth Amendment." *State v. Tucker*, 2016-Ohio-1353, ¶ 11 (9th Dist.). Thus, "[t]o be valid, a waiver of counsel '"must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter."'" *State v. Conard*, 2024-Ohio-1906, ¶ 14 (2d Dist.), quoting *Gibson* at 377, quoting *Von Moltke* at 723. *See also State v. Yeager*, 2005-Ohio-4932, ¶ 8 (9th Dist.) (noting that "the trial court's discussion of possible defenses and mitigating circumstances

need not be fact specific"). "Additionally, 'the defendant "should be made aware of the dangers and disadvantages of self-representation."'" *Conard* at ¶ 14, quoting *State v. Perdue*, 2010-Ohio-565, ¶ 44 (2d Dist.), quoting *State v. Gatewood*, 2009-Ohio-5610, ¶ 33 (2d Dist.).

{¶11} "While no one factor is dispositive, the trial court should consider whether the defendant was advised of the nature of the charges and the range of allowable punishments, and, in addition, may consider whether the trial court advised the defendant of the possible defenses to the charges and applicable mitigating circumstances." *State v. Trikilis*, 2005-Ohio-4266, ¶ 13 (9th Dist.). "The trial court, however, does *not* need to 'undertake pseudo-legal representation of a defendant by specifically advising him of possible viable defenses or mitigating circumstances,' and, instead 'a broader discussion of defenses and mitigating circumstances as applicable to the pending charges is sufficient.'" (Emphasis added.) *State v. Bloodworth*, 2013-Ohio-248, ¶ 12 (9th Dist.), quoting *State v. Ragle*, 2005-Ohio-590, ¶ 12 (9th Dist.). "A court may also consider various other factors, including the defendant's age, education, and legal experience." *Trikilis* at ¶ 13.

{¶12} "Whether a defendant knowingly, intelligently, and voluntarily waived the right to counsel is an issue that we review de novo." *State v. Reece*, 2019-Ohio-2259, ¶ 14 (6th Dist.). *See also Thompson* , 2009-Ohio-185, at ¶ 8 (3d

Dist.) ("Generally, Ohio courts look to see whether under the totality of the circumstances, the defendant's waiver of his or her right to counsel was voluntarily, knowingly, and intelligently given."). "In doing so, we must independently examine the record to determine 'whether the totality of circumstances demonstrates a knowing, intelligent, and voluntary waiver of the right to counsel.'" *State v. Smallwood*, 2020-Ohio-5556, ¶ 9 (6th Dist.), quoting *State v. Guess*, 2014-Ohio-771, ¶ 9 (4th Dist.).

*Analysis*

**{¶13}** In this case, Jimenez argues that his guilty plea was not knowing, intelligent, or voluntary because "the trial court erred by failing to conduct a dialog with [him] about the effect of such guilty plea, the rights he would be giving up, including his right to counsel." (Appellant's Brief at 4-5). Based on our review of the record, we conclude that the trial court substantially complied with the requirements of the criminal rules by informing Jimenez of the effect of the pleas available to him. However, we conclude that the totality of the circumstances of this case reflects that Jimenez did not knowingly, intelligently, or voluntarily waive his right to counsel. *See State v. Alexander*, 2016-Ohio-5015, ¶ 15-16 (4th Dist.).

**{¶14}** Here, the record reveals that, when Jimenez appeared for his arraignment on November 7, 2023, there were several other defendants present. Through an interpreter, the trial court read certain rights to the group of defendants

Case No. 12-23-06

assembled for their various arraignments. Specifically, the trial court (through the

interpreter) advised the group of defendants, in relevant part, as follows:

[Trial Court]:    If you're charged with a criminal or traffic offense, you
have certain rights.

. . .

You are entitled to be represented by an attorney.

. . .

And if the offense that you're facing carries a potential
for a jail sentence, you are entitled to have an attorney
at no cost to you if you cannot afford counsel.

. . .

You're [sic] eligibility for a court appointed attorney is
based upon a comparison of your income, the size of
your household, and percentages of the federal poverty
rate.

. . .

If you're going to request a court appointed attorney,
you are going to be required to file an affidavit of
indigency and file it with the clerk's office. That's what
we use to determine your eligibility.

. . .

There's a $25 filing fee to file the affidavit, but don't be
concerned if you don't have that with you this morning,
it will be simply taxed as costs in the case.

(Nov. 7, 2023 Tr. at 3-4). The trial court further explained the right to a jury trial,

to confront witnesses, and to present evidence. Moreover, the trial court explained

-9-

the available pleas and the effect of such pleas. Finally, the trial court explained the potential immigration consequences as required by R.C. 2943.031(A).

**{¶15}** Later that same day, when Jimenez's individual case was called before the trial court, the following exchange occurred:

| [Trial Court]: | Did you understand your rights as I explained them to you? |
|---|---|
| [Jimenez]: | Yes. |
| [Trial Court]: | And do you understand the pleas available to you? |
| [Jimenez]: | Yes. |
| [Trial Court]: | You're charged with driving without a valid license. My paperwork indicates that it's a first degree misdemeanor [and] carries a potential of up to six months in jail, and a fine of up to $1,000. |
| [Jimenez]: | Yes. |
| [Trial Court]: | Understood? |
| [Jimenez]: | Yes. |
| [Trial Court]: | What plea would you like to enter? |
| [Jimenez]: | Guilty. |
| [Trial Court]: | Guilty. On a plea of guilty I'll make a finding of guilt. |

(*Id.* at 9-10). The record also contains a written waiver of Jimenez's rights (in Spanish), which was signed by Jimenez. (*See* Doc. No. 13).

{¶16} Based on our review of the record, we conclude that Jimenez did not knowingly, intelligently, and voluntarily waive his right to counsel prior to entering his plea. *Accord Thompson*, 2009-Ohio-185, at ¶ 19 (3d Dist.). That is, the totality of the circumstances of this case reflects that the trial court failed to "make any inquiry to determine whether [Jimenez fully] understood an intelligently relinquished his right to counsel." *State v. Martin*, 2004-Ohio-5471, ¶ 45. Importantly, there is no evidence in the record that Jimenez *waived* his right to counsel in open court as required by Crim.R. 44(C). *Accord State v. Ebersole*, 107 Ohio App.3d 288, 294 (3d Dist. 1995) (analyzing that "the facts do not amount to a valid waiver" because "[n]othing in the record indicates appellant made a waiver of his right to counsel in open court"). *See Conard*, 2024-Ohio-1906, at ¶ 21 (2d Dist.) (asserting that "absent an adequate dialogue regarding the waiver of counsel, a written waiver is not sufficient to establish a valid waiver").

{¶17} Critically, "[a] knowing, voluntary, and intelligent waiver cannot be presumed from a silent record." *State v. Combs*, 2007-Ohio-7035, ¶ 16 (9th Dist.). "Thus, '"[t]he record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver."'" *Id.*, quoting *Brooke*, 2007-Ohio-1533, at ¶ 25, quoting *State v. Wellman*, 37 Ohio St.2d 162 (1974), paragraph two of the syllabus. However, "in a petty offense case, even in the absence of a hearing

transcript, a waiver of counsel form signed by the judge and the defendant at the plea hearing and filed with the court may be sufficient to satisfy these requirements." *Id.*

**{¶18}** Here, the record reflects that the trial court did not inquire as to whether Jimenez fully understood his right to counsel and whether he was waiving that right. *See* Crim.R. 44(B). *See also State v. Koons*, 2007-Ohio-4985, ¶ 13 (7th Dist.) ("Before a defendant can waive the right to counsel, the trial court must be satisfied that the defendant made an intelligent and voluntary waiver of the right knowing that he will have to represent himself."). Furthermore, the trial court did not advise Jimenez of the dangers and disadvantages of self-representation. *Accord id.* at ¶ 46 (concluding that, when a trial court fails to inform a defendant "on the record of the inherent dangers of proceeding pro se" and does not warn "him that if he did not retain counsel he would be forced to proceed pro se" "waiver cannot be inferred").

**{¶19}** Moreover, the written waiver of Jimenez's rights, which appears in Spanish, does not cure any defect in this case. In addition to being in Spanish without a translation, the record does not specify when the form was signed. *Compare Conard*, 2024-Ohio-1906, at ¶ 21 (2d Dist.) (noting that "the record does not indicate when the form was signed, and the trial court's statements to Conard reflect that he had not signed the form before the court began to review it with him").

Likewise, the form is not signed by the trial court. *See State v. Knox*, 2018-Ohio-43, ¶ 12 (9th Dist.) (acknowledging that "'a waiver of counsel form signed by the judge and the defendant at the plea hearing and filed with the court may be sufficient'"), quoting *Combs*, 2007-Ohio-7035, at ¶ 16 (9th Dist.). That is, the transcript does not reflect that Jimenez signed the form during the hearing, and Jimenez "could not validly waive his right to counsel after the plea and sentencing hearing concluded." *Conard* at ¶ 21. Indeed, "absent an adequate dialogue regarding the waiver of counsel, a written waiver is not sufficient to establish a valid waiver." *Id. See also Combs* at ¶ 17.

**{¶20}** In sum, it is not an undue burden in petty offense cases for a trial court to ask each defendant in open court to acknowledge that, after being fully advised by the trial court, whether he or she is knowingly, intelligently, and voluntarily waiving assignment of counsel.

**{¶21}** For these reasons, we conclude that Jimenez did not knowingly, intelligently, and voluntarily waive his right to counsel prior to entering his plea. *Accord Conard* at ¶ 22 (concluding that "the totality of the circumstances reflects that Conard did not knowingly, intelligently, and voluntarily waive[] his right to counsel prior to entering his plea"). Therefore, the totality of the circumstances reflect that the trial court did not comply with the requirements of Crim.R. 44(B).

**{¶22}** Because Jimenez did not knowingly, intelligently, or voluntarily waive his right to counsel prior to entering his plea, we vacate the trial court's imposition of a sentence of confinement (including the suspended term) for Jimenez's conviction. *Accord State v. Lanton*, 2003-Ohio-4715, ¶ 16-17 (2d Dist.) (vacating the trial court's imposition of a sentence of confinement since "the trial court was precluded from the imposition of a sentence of confinement" "because Lanton never waived his right to assignment of counsel"); *Conard* at ¶ 23 (concluding "that the remedy is to vacate the term of incarceration, including any suspended sentence" "for Conard's uncounseled conviction on a petty offense").

**{¶23}** In situations where a defendant (who is charged with a petty offense) appears without counsel, the trial court

> may not impose a sentence of confinement for his conviction on a plea of guilty or no contest when the court has exercised its discretion not to assign counsel to represent him, unless the court has first inquired whether defendant is unable to obtain counsel and, if the court found that the defendant is unable to obtain counsel, the defendant then knowingly, intelligently, and voluntarily waives his right to assignment of counsel.

*Lanton* at ¶ 15. In other words, "the failure to obtain a valid waiver of counsel as required by Crim.R. 44(B) affects the trial court's ability to impose a sentence of confinement, it does not affect the validity of a defendant's pleas or its findings on those pleas." *Conard* at ¶ 23. *Accord State v. St. Thomas*, 2024-Ohio-2568, ¶ 31 (7th Dist.) (resolving that "the proper remedy when a defendant has been convicted

of a petty offense, without the benefit of counsel and without a valid waiver of counsel, is to affirm the verdict but vacate any sentence of confinement"); *State v. Landingham*, 2021-Ohio-4258, ¶ 10 (11th Dist.); *Alexander*, 2016-Ohio-5015, at ¶ 2 (4th Dist.). *See also Thompson*, 2009-Ohio-185, at ¶ 19 (3d Dist.). *Contra Euclid v. Hedge*, 2022-Ohio-464, ¶ 27 (8th Dist.); *State v. Ott*, 2017-Ohio-521, ¶ 8 (9th Dist.); *State v. Wamsley*, 2016-Ohio-2885 (5th Dist.). Consequently, Jimenez's conviction is affirmed but we reverse with instruction for the trial court to vacate Jimenez's sentence of confinement.

**{¶24}** Jimenez's assignment of error is sustained.

**{¶25}** Having found error prejudicial to the appellant herein in the particulars assigned and argued its assignment of error, we vacate the sentence of confinement imposed by the trial court and remand for further proceedings.

*Judgment Reversed*
*and Cause Remanded*

**WALDICK and MILLER, J.J., concur.**

**/hls**